UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAULA COMPTON CHARLES, ET AL.** | : | **DOCKET NO. 2:19-cv-0014** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WATERWORKS DIST. NO. 8 WARDS 3 & 8 CALCASIEU PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by defendants Calcasieu Waterworks District No. 8 ("the District") and Glatfelt Insurance Group. Doc. 7. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This motion relates to an employment discrimination suit filed on behalf of Kathleen Compton by her three children. Doc. 1, att. 2. Plaintiffs allege that Compton was an employee of the District from 1996 until her termination on May 31, 2017. *Id.* at 2. They further assert that she was told that she was being terminated because "she was taking time off due to her illness," even though she had over a thousand hours of sick leave and 200 hours of vacation time accumulated and available to her at that time. *Id.* at 3–4; *see id.* at 10. Compton filed a discrimination charge with the EEOC and the Louisiana Commission on Human Rights on September 12, 2017, complaining that she was terminated "based on discrimination due to her age." *Id.* at 4. Compton passed away on March 6, 2018, and her succession was opened in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana, with the plaintiffs named herein as her heirs. *Id.* The EEOC

issued a Notice of Right to Sue on November 8, 2018, informing Compton that it was closing her case and that she had 90 days to file suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. Id.* at 4, 11.

Plaintiffs filed suit against the District and Glatfelter Insurance Group, its insurer, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on November 29, 2018. *Id.* at 2–6. They allege that Compton was wrongfully terminated under state age discrimination laws and replaced with someone outside of her protected class. *Id.* at 4. Defendants removed the suit to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331 because it alleges that plaintiffs' claims actually arise under federal anti-discrimination law. Doc. 1. They now move to dismiss any claim based on disability discrimination, insofar as one can be gleaned from the complaint, for failure to exhaust administrative remedies or provide pre-suit notice as required under state law. Doc. 7; doc. 7, att. 1, pp. 10–14. In the alternative, they maintain that any disability discrimination claim should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.* at 14–15. Plaintiffs argue that they fulfilled all pre-suit notice requirements and that a claim of disability discrimination is plainly supported by the allegations in the EEOC filings and complaint. Doc. 13. Defendants have also filed a reply in support of their motion. *See* doc. 14, att. 2.

## II.
### MOTION TO DISMISS STANDARDS

Defendants bring their motion, as it relates to exhaustion of administrative remedies, under Rules 12(b)(1) and 12(b)(6). Doc. 7, att. 1, p. 11. In the Fifth Circuit, failure to exhaust administrative remedies before the EEOC prior to bringing a Title VII suit is not a jurisdictional bar, but rather a prudential prerequisite to suit. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 304–07 (5th Cir. 2018). Accordingly, this matter is properly considered under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III.
### APPLICATION

Because exhaustion of administrative remedies is not a jurisdictional issue, the court first proceeds to the defense's argument that the disability claims as asserted here fail to show a right to relief. Defendants argue that the complaint provides insufficient support for a claim under the ADA or the LEDL. Doc. 7, att. 1, pp. 14–15. These statutes prohibit employment discrimination based on a disability, which is defined in both places as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. §§ 12102(1), 12112(a); La. Rev. Stat. §§ 23:322(3), 23:323(B). Both the ADA and the LEDL also extend to individuals who are "regarded as" having such a disability or have a record of same, even if their condition does not rise to the level of actual substantial impairment. *Deas v. River West, L.P.*, 152 F.3d 471, 475 & n. 6 (5th Cir. 1998) (citing 42 U.S.C. § 12102(2)); *Smith v. Thurman Oils, Inc.*, 951 So.2d 359, 361 (La. Ct. App. 1st Cir. 2006) (citing La. Rev. Stat. § 23:322(3)). The burden remains on the plaintiff to meet the "threshold requirement" of showing that she is disabled under one of these theories. *Alleman v. La. Dep't of Econ. Dev.*, 698 F.Supp.2d 644, 662 (M.D. La. 2010).

As defendants note, plaintiffs have only alleged that Compton had an "illness" and that her employer justified her termination based on Compton taking time off for that reason. Doc. 1, att. 2, pp. 3–4. Plaintiffs further allege that Compton had more than adequate accrued sick leave to cover her time off and that her position "was filled by someone outside of the protected age group and class." *Id.* at 4. Finally, they assert that her termination "was caused solely by her age and medical condition," in violation of the age discrimination provisions of the LEDL at Louisiana Revised Statute § 23:312(A)(1). These allegations are insufficient to show that whatever condition or illness Compton was using sick leave to treat had an impact, let alone a substantial one, on a major life activity, or that her employer regarded this condition as creating such a limitation.

Additionally, the complaint – drafted by counsel – cites only the age discrimination provisions of the LEDL.

Plaintiffs now maintain that disability claims are asserted and could reasonably expect to be asserted, given that a plaintiff's old age might go hand in hand with declining health. They argue that Compton "clearly promoted" that she received an adverse employment action based on her health and that defendants had every opportunity to take notice of such a claim. Doc. 13, p. 5. However, the allegations seem only to promote that Compton's employer used an unsupported claim of excessive leave as pretext to fire her. As this court has held, mere assertion that the plaintiff suffers from a medical condition is insufficient – the plaintiff must instead provide allegations supporting a substantial impairment. *See Lawson v. CertainTeed Corp.*, 2017 WL 66579, at *4–*6 (W.D. La. Jan. 4, 2017) (plaintiff's allegation of a disc injury was insufficient to show that it rendered him disabled under the ADA); *see also Grace v. La. Housing Fin. Agency*, 2012 WL 1253005 (M.D. La. Apr. 13, 2012) (plaintiff failed to provide allegations showing that her depression diagnosis created a substantial impairment). In this matter there are no allegations to show the impact of Compton's unnamed condition on any major life activity or how it caused her to be regarded. Furthermore, plaintiffs have not sought leave to amend their petition and provide any additional information on Compton's health or her employer's knowledge thereof. They therefore fail to provide an essential element of a disability discrimination claim and such claims must be dismissed. The court need not consider whether any such claim was exhausted through Compton's EEOC filings.

## IV.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 7] be **GRANTED** and that any claim for disability discrimination construed under state or federal law from these pleadings be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE